Thomas ROUMELL, Regional Director of the Seventh Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,

v.

UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF The PLUMBING AND PIPE FITTING INDUSTRY OF The UNITED STATES AND CANADA, AFL-CIO; LOCAL NO. 636, United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, and Tim McCarthy and William B. Kelley, its Agents, Respondents.

Civ. A. No. 16586.

United States District Court
E. D. Michigan, S. D.

May 9, 1957.

Order Amending Findings of Fact and Conclusions of Law, May 13, 1957.

Jerome D. Fenton, Gen. Counsel, Stephen Leonard, Associate Gen. Counsel, Winthrop A. Johns, Asst. Gen. Counsel, Washington, D. C., William T. Little, Chief Law Officer, Region 7, Emil Farkas, Detroit, Mich., James F. Foley, Washington, D. C., for petitioner.

A. L. Zwerdling, Detroit, Mich., and Martin F. O'Donoghue, Washington, D. C., for respondents.

Fischer, Sprague, Franklin & Ford, Detroit, Mich. (by Leo I. Franklin and Leon R. Jones, Detroit, Mich.), for Detroit Edison Co.

H. T. Herrick, Pittsburgh, Pa., for Westinghouse Electric Corp.

Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich. (by William M. Saxton, Detroit, Mich.), for United Engineers & Constructors, Inc.

THORNTON, District Judge.

Petitioner here seeks a temporary injunction against respondents Local 636, United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, hereinafter referred to as Local 636, Tim McCarthy and William B. Kelley, its agents, pursuant to 10(l) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 160(l).

Petitioner sets forth that on or about April 5, 1957 The Detroit Edison Company and Westinghouse Electric Corporation filed an amended charge with the National Labor Relations Board (a charge originally having been filed on or about March 14, 1957) alleging that the respondents had engaged in unfair labor practices within the meaning of § 8(b) (4) (A) of the NLRA, 29 U.S.C.A. § 158(b) (4) (A). This charge was referred to petitioner, Regional Director, for investigation. Petitioner sets forth that, after a preliminary investigation, he has reasonable cause to believe that said amended charge is true and that a complaint of the Board should issue. He asks this Court to grant a temporary injunction pending the final adjudication of the Board with respect to the matter.

A hearing on the said petition has been in progress for the past two weeks, during which time testimony has been adduced in support of the petition.

### Findings of Fact

1. The Detroit Edison Company is a public utility corporation manufacturing and distributing electric power to consumers in the Detroit area, a number of which consumers are engaged in interstate commerce.

2. Westinghouse Electric Corporation is a Pennsylvania corporation engaged in the manufacture and sale of steam and gas turbines and related equipment, among other electrical wares.

3. United Engineers and Constructors, Inc. is a Delaware corporation with principal offices in Philadelphia, Pennsylvania, and engaged in the building and construction industry.

4. Local 636 is a local union member of the United Association, the members of said Local being employed by United Engineers for the performance of services.

5. United Engineers and Detroit Edison are parties to a contract whereby United Engineers agrees to perform the services for Detroit Edison necessary for the installation of the new turbine generating unit at the River Rouge plant of Detroit Edison.

6. Detroit Edison and Westinghouse Electric Corporation are parties to a contract whereby Westinghouse agrees to manufacture the complete turbine generating unit as a package.

7. The United Engineers and Local 636 are included as parties to a contract setting forth terms and conditions of employment, including the right of Local 636 to do the fabrication work on pipe of certain size and to refuse to work on pipe fabricated at a non-member union shop.

8. Respondents herein have induced and encouraged the employees of United Engineers to engage in a strike and a concerted refusal in the course of their employment to handle and work on materials and to perform services, an object being to force and require Detroit Edison to cease doing business with Westinghouse Electric.

9. The individual defendants are officers of Local 636.

10. United Engineers on and after January 21, 1957 has ordered their employee members of Local 636 to complete the installation of the instant piping.

### Conclusions of Law

1. The Court has jurisdiction of the matter before it and of the parties. The Court concludes as a matter of law that the transactions here involved affect interstate commerce and in some part are

in interstate commerce, and the parties have so stipulated.

2. The United Association named above in the title of this action has been dismissed as a respondent for lack of jurisdiction, by order of this Court dated April 29, 1957.

3. There is reasonable cause to believe that the charge of an unfair labor practice within the meaning of 29 U.S.C.A. § 158(b) (4) (A) is true.

4. Appropriate injunctive relief shall issue.

## Discussion

The evidence clearly shows that the employees of United Engineers have refused to install certain prefabricated pipe because they have been ordered to so refuse by respondents. The pipe is part of the "package" turbine unit manufactured by Westinghouse in fulfillment of its contract with Detroit Edison. United Engineers is bound under its contract with Edison to install this pipe. The pipe in question is prefabricated at Westinghouse by a non-member union. Local 636 refused and continues to refuse to install this pipe on the ground that such work by them is in violation of their clear contract rights, their contract with United Engineers stating that they have a right to so refuse.

Respondents argue that the "object" of the refusal is "self-help", protection of contract rights and other such concepts sounding in principle. The argument sounds high-minded and has much appeal. What, however, is the resolution of a conflict between agreement rights and statutory mandate? There is no issue raised here of unconstitutionality of the statute. There is no issue for us to decide as to the validity of the contract rights. All that is before this Court for decision is whether or not there is reasonable cause to believe that the *conduct*

of respondents here constitutes an unfair labor practice as it is spelled out in § 8(b) (4) (A) of the Act. If there is injustice in applying the statute to this situation the remedy is not in the courts. We are compelled to decide, as we have, that the defense of contractual rights to the charge here is not a valid one insofar as defeating the presence of reasonable cause to believe that the charge here made is true and that a complaint should issue.

We have reviewed the many decisions of the last few years in this field and particularly those dealing with § 8(b) (4) (A). We believe that the conclusion reached by us is in conformance with the views of the United States Supreme Court as expressed in the four cases reported in volume 341 of the United States Reports.[1] We also believe that our own interpretation is consistent with that of the Court of Appeals for the Sixth Circuit in the case of N. L. R. B. v. Local 11, United Brotherhood of Carpenters & Joiners of America, A.F.L., 242 F.2d 932, 934. We quote what we believe to be applicable excerpts from the opinion written by Judge Stewart in that case:

"The fact that there was not an active labor dispute between the respondents and the producers of the doors would not serve to immunize the respondents from the terms of § 8(b) (4) (A) of the Act, which neither literally nor implicitly requires the existence of such a dispute as a condition of its operation." N. L. R. B. v. Local 11, etc., supra.

"The respondents' position is that if an employer has agreed in advance that a certain product need not be used by his employees, and subsequently honors his agreement by acquiescing in the employees' unwillingness to use or work on the product there can be no 'concerted refusal' by

1. National Labor Relations Board v. International Rice Milling Co., 341 U.S. 665, 71 S.Ct. 961, 95 L.Ed. 1277; National Labor Relations Board v. Denver Building & Construction Trades Council, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284; International Brotherhood of Electrical Workers, Local 50 v. National Labor Relations Board, 341 U.S. 694, 71 S.Ct. 954, 95 L.Ed. 1299; Local 74, United Brotherhood of Carpenters & Joiners of America, A.F.L. v. National Labor Relations Board, 341 U.S. 707, 71 S.Ct. 966, 95 L.Ed. 1309.

the employees 'in the course of their employment' to use or work on the product in question." N. L. R. B. v. Local 11, etc., supra.

The Court expressly rejected this position as being untenable.

"Confining our decision to the facts of the case before us we hold that the Board was correct in finding that a violation of the act was not precluded by the fact that the subcontractors as union members were obligated to observe union working rules." N. L. R. B. v. Local 11, etc., supra.

We wish also to indicate here that we are thoroughly familiar with the opinion of Judge Hand in the case of Douds v. International Longshoremen's Association, 2 Cir., 224 F.2d 455 and that we do not think that the conclusion reached by us here runs afoul of Judge Hand's reasoning. We think the same is true of our conclusion as compared to that reached by the Court of Appeals for the Ninth Circuit in the Sand Door case, N. L. R. B. v. Local 1976, United Brotherhood of Carpenters and Joiners of America, A.F.L., 241 F.2d 147.

Order Amending Findings of Fact and Conclusions of Law

The petitioner having filed a motion to amend the Findings of Fact hereinbefore filed by this Court under date of May 9, 1957, and

The Court having granted leave to petitioner to file an amended prayer to the petition to conform to the evidence in this matter, and

It appearing to the Court that the evidence adduced during the course of the hearing, both originally and as reopened, warrants an amendment,

It Is Hereby Ordered that the Findings of Fact and Conclusions of Law hereinbefore filed by the Court May 9, 1957, be amended to add Finding of Fact number 11 as follows:

11. There is reasonable cause to believe that respondents herein will induce and encourage the employees of United Engineers to engage in a strike and a concerted refusal in the course of their employment to handle and work on materials and to perform services necessary for the installation of the new turbine generating unit at the St. Clair plant of Detroit Edison, an object being to force and require Detroit Edison to cease doing business with Westinghouse Electric. (See page 1268 of Transcript for testimony that United Engineers will perform piping erection work at the St. Clair unit, unless a contract specifically for this work is let by Detroit Edison to another contractor.)